UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BELAIR ELECTRONICS, INC., | ) |
| | ) Civil Action No.: 2:22-cv-04443-BHH |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| TWELVE SOUTH, LLC, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court upon Defendant Twelve South, LLC's ("Twelve South") motion to dismiss BelAir Electronics, Inc.'s ("BelAir") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11-1.) The complaint asserts two counts of patent infringement by Twelve South under the patent laws of the United States, Title 35 of the United States Code. (ECF No. 1.) Specifically at issue are the following patents: United States Patent No. 7,941,195 (the "'195 Patent") and United States Patent No. 10,097,676 (the "'676 Patent") (collectively, "Patents-in-Suit"). On February 9, 2023, BelAir filed a response in opposition (ECF No. 13) and on February 16, 2023, Twelve South filed a reply in support of its motion. (ECF No. 14.) For the reasons set forth herein, Twelve South's motion is denied in part and granted in part.

## BACKGROUND

BelAir owns two patents for cellphone cases, the '195 Patent and the '676 Patent. (ECF No. 1 ¶ 3.) As to the '195 Patent, Claim 9 is at issue. (*Id.* ¶ 21.) Claims 1, 5, 8, and 9 are the relevant independent claims of the '676 Patent. (*Id.* ¶ 28.) Each of the asserted patents covers a mobile device case in general. Each independent claim within the

respective patents covers different versions of a given cellphone depending on the style of the phone. Central to all the independent patent claims is a "flange" or "at least one retainer" limitation—or, more colloquially, a lip or rim on the case that keeps the phone from falling out. In the '195 Patent, the limitation is described as "the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone . . . ." (*Id.* ¶ 23b, Claim 9.) The '676 Patent describes the limitation for all claims as "at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and . . . at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device." (*Id.* ¶¶ 30d, 33c, 36c, 38c, Claims 1, 5, 8, 9.) BelAir alleges that Twelve South cases also likely infringe on dependent Claims 2, 3, 4, 6, 7, 10, 11, and 12 of the '676 Patent. (*Id.* ¶¶ 31, 34, 39.) The dependent claims hinge on the various features of the case itself. (*Id.* ¶ 16; ECF No. 1-2, Ex. B at Claims 2, 3, 4, 6, 7, 10, 11, and 12.)

BelAir alleges that Twelve South sells mobile device cases that have a protective mask that can be coupled to a mobile device so that the device will not fall out, thereby satisfying the "flange" or "retainer" limitations and thus infringing the asserted patents. (ECF No. 1 ¶¶ 16-17.) Prior to filing the instant suit, BelAir states that it purchased one of Twelve South's cases, specifically the "BookBook for iPhone 13 [vol. 2]," to investigate whether the case infringed on the asserted patents. (*Id.* ¶ 6.) BelAir alleges that the mobile device cases advertised on Twelve South's website or on third party online marketplaces, like Amazon and Walmart, infringe the asserted patents. (ECF No. 2 ¶ 7.) To support its claims, BelAir's complaint contains images from those websites of Twelve South's cases, specifically the "BookBook for iPhone 13 [vol. 2]" and "BookBook MagSafe Shell," which

BelAir contends infringe each limitation of the asserted patent claims. (*Id.* at 5-6. *See also* ECF No. 1-3, Ex. C to the complaint (containing 16 pages of images of representative products).)

**STANDARD OF REVIEW**

Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In the patent context, the Federal Circuit has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)), but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading*, 681 F.3d at 1341 (alteration in original) (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

Twelve South asserts that BelAir's complaint fails to set forth any plausible claim for direct infringement and should be dismissed in its entirety. Twelve South asserts that dismissal of Count II is further warranted because the '676 Patent expired on October 23, 2021, and BelAir alleges Twelve South obtained actual notice of the alleged infringement

3

on December 8, 2022, after the '676 Patent expired. (ECF No. 11-1 at 8-9.) Thus, according to Twelve South, BelAir cannot recover for the alleged infringement of the '676 Patent, as such damages are only recoverable after notice of infringement pursuant to 35 U.S.C. § 287. (*Id.*) Additionally, in its reply, Twelve South asserts two other grounds in support of dismissing Count II: BelAir's (1) failure to adequately allege constructive notice through marking and (2) failure to plausibly allege actual notice prior to the expiration of the '676 Patent. The Court will consider each of the four arguments raised by Twelve South in turn.

  I.  **Sufficiency of Allegations in Support of Patent Infringement Claims**

Twelve South asserts that BelAir has failed to state a plausible claim for direct infringement because parroting the claim language is not a substitute for facts. (ECF No. 11-1 at 6-7.) According to Twelve South, BelAir attempts to cover "its deficient factual allegations by simply 'parroting back' the language of the asserted claims." (*Id.*) Twelve South argues that BelAir's allegations are simply legal conclusions unsupported by any facts and are thus insufficient to state a plausible claim for infringement. (ECF No. 11-1 at 7.) Twelve South points out that the instant case is the third case that BelAir has filed asserting infringement of the Patents-in-Suit. (ECF No. 11-1 at 1.) One of these prior cases is *BelAir Electronics, Inc. v. Carved, LLC*.[1] (*Id.*) Notably, however, Twelve South fails to address in its motion the fact that the *Carved* court **denied** the defendant's motion to dismiss, finding BelAir "met the pleading requirement" of Rule 12(b)(6). *See BelAir Elecs., Inc. v. Carved, LLC*, 2021 WL 1239616, at *4 (N.D. Ind., Apr. 4, 2021) (denying motion to dismiss).

---

[1] As BelAir correctly notes in its response, the correct cite is Case No. 3:20-cv-00630-JD-MGG (N.D. Ind. 2021). (ECF No. 13 at 5.)

4

In *Carved*, the district court looked to the case of *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). In *Disc Disease*, the court held that the plaintiff's allegations were sufficient under the plausibility standard of *Iqbal/Twombly*. *Id.* In so holding, the court noted that the complaint "specifically identified the three accused products—by name and by attaching photos . . . and alleged that the accused products met each and every element of at least one claim of the [patents at issue], either literally or equivalently." *Disc Disease*, 888 F.3d at 1260. The *Disc Disease* court held that such disclosures and allegations were enough to provide the defendant fair notice of infringement of the asserted patents. *Id.* Likewise, the *Carved* court found that the asserted technology, which is identical to the technology asserted in this instant case, is a simple technology and the allegations in the complaint, along with the photos of the accused products, put Carved on sufficient notice of the claims alleged by BelAir. *Carved*, 2021 WL 1239616, at *4. Therefore, the *Carved* court denied defendant's motion to dismiss. *Id.*

Not surprisingly, BelAir relies heavily on *Disc Disease* and *Carved* in its response and further cites another Federal Circuit case, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). In *Bot M8*, the court stated: "Once more, we address the stringency of pleading requirements in cases alleging patent infringement. Once more, we explain that patentees need not prove their case at the pleading stage." (ECF No. 13 at 7.) Thus, BelAir argues that its complaint is sufficient to survive a motion to dismiss because it is well established that a plaintiff "is not required to plead infringement on an element-by-element basis." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

5

In its reply, Twelve South attempts to distinguish the instant case from *Disc Disease*; states that *Carved* was erroneously decided; and claims that *Bot M8* supports its position. (ECF No. 14 at 4-8.) Twelve South also appears to suggest that a well-pleaded patent infringement complaint should contain a short and plain claim chart as part of the initial pleading. (ECF No. 14 at 9 (relying on *dicta* in *Macronic Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014)).)

After review, the Court is persuaded by the sound reasoning of the *Carved* court, which notably dealt with the same Patents-in-Suit and nearly identical allegations. Here, BelAir's complaint contains two photos of two accused products in violation and names them in its claims. (ECF No. 1 ¶ 16). BelAir further defines the "Accused Products" as those protective masks that comprise a "flange" or "retainer" and are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. (*Id.*) And while the *Macronix* court encouraged the use of claims charts in drafting a sufficient complaint, the *Macronix* court also acknowledged that the plausibility requirements of *Twombly* and *Iqbal* govern the sufficiency of complaints in patent infringement cases. 4 F. Supp. 3d at 804. Thus, while greater specificity may be aspirational, the Court is not convinced that the level of granular particularity suggested by Twelve South is necessary to survive initial Rule 12(b)(6) scrutiny. Thus, the Courts holds that BelAir has provided sufficient disclosures and allegations to place Twelve South "'on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). Consequently, the Court finds that Twelve South is not entitled to dismissal of the complaint in its entirety

under Rule 12(b)(6). *See Carved*, 2021 WL 1239616, at *4 (denying motion to dismiss based on the same technology and nearly identical allegations).

## II.   Impact of the '676 Patent's Expiration on BelAir's Entitlement to Damages

In its motion, Twelve South further argues that BelAir's claim for infringement of the '676 Patent should be dismissed because the '676 Patent expired on October 23, 2021, and "[i]t is black letter patent law that an expired patent cannot support a claim for relief." (ECF No. 11-1 at 8 (citing *Merck & Co. v. MediPlan Health Consulting, Inc.*, 434 F. Supp. 2d 257 (S.D.N.Y. 2006) ("Defendants also move to preclude plaintiffs' recovery of damages and injunctive relief following the expiration of the '784 patent on December 23, 2005. The Court cannot award damages or injunctive relief based on defendants' "infringement for the period after a patent's expiration because an expired patent cannot be infringed.")).) Twelve South relies on the following language contained in 35 U.S.C. § 287(a):

> no damages shall be recovered by the patentee in any action for infringement, **except on proof that the infringer was notified of the infringement and continued to infringe thereafter**, in which event damages may be recovered only for infringement occurring after such notice.

(ECF No. 11-1 at 8 (citing 35 U.S.C. § 287(a)) (emphasis added).) Twelve South contends that because BelAir "does not allege Defendant received notice of the '676 Patent *until after it expired*," (citing ECF No. 1 ¶ 41), the notice requirement was not met, and BelAir's claim for infringement of the '676 Patent should be dismissed. (ECF No. 11-1 at 8-9.)

After close review of the statute and the allegations contained in Paragraph 41 of the complaint, the Court finds that Twelve South's argument is flawed in two critical respects. First, Twelve South omits language from the statute in such a way that it

obfuscates the undisputed fact that § 287(a) is a marking provision. Indeed, pursuant to § 287(a), if a patentee practices the claims invention and fails to mark its product with the relevant patent number, damages may be limited. (*See* § 287(a) ("**In the event of failure so to mark**, no damages shall be recovered . . . after such notice.") (emphasis added).) Yet, Twelve South does not cite the failure to mark language or allege that BelAir failed to comply with the marking requirement. (*See* ECF No. 11-1 at 8-9.)[2]

Secondly, Paragraph 41 of the complaint states: "Defendant had notice of the '676 Patent and the likelihood of infringement thereof **at least as early as the filing of this complaint**." (ECF No. 1 ¶ 41 (emphasis added).) The Court finds that a plain reading of this statement supports that BelAir does not allege a definitive date on which Twelve South had notice. Thus, the Court disagrees with Twelve South's assertion that BelAir does not allege Twelve South received notice until December 8, 2022 – the filing date of this instant suit. (ECF No. 11-1 at 8.) Accordingly, the Court declines to dismiss BelAir's claim for infringement of the '676 Patent on this additional ground.

### III. Pleading Compliance with 35 U.S.C. § 287(a)

In its reply, Twelve South asserts for the first time that BelAir has failed to adequately allege constructive notice through marking and has failed to adequately allege actual notice prior to expiration of the '676 Patent. (ECF No. 14 at 11-13.) Thus, it

---

[2] In its response, BelAir notes that it specifically alleges that it complied with the provisions of the patent marking statute to the extent required by law. (ECF No. 13 at 16 (*see* ECF No. 1 ¶¶ 24, 40 ("To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.")).) BelAir, too, notes that Twelve South does not allege that it failed to comply with the marking provisions of § 287, an issue BelAir contends is factual and, thus, inappropriate to address at the Rule 12 stage. (ECF No. 13 at 18.) The Court agrees that a patentee's alleged failure to mark is an issue of fact and that a motion to dismiss on this ground would be premature. *See Loops, LLC v. Amercare Prods., Inc.*, 636 F. Supp. 2d 1128, 1134 (W.D. Wash. 2008) (denying accused infringers' motion to dismiss infringement claim on the basis that patentee's alleged failure to mark precluded damages since marking was an issue of fact and therefore the motion to dismiss was a premature request to consider the substantive merits of the marking defense).

contends BelAir's claim for pre-expiration[3] damages for infringement of the '676 Patent should be dismissed.

For the following reasons, the Court finds BelAir has not sufficiently pleaded compliance with 35 U.S.C. § 287(a). Therefore, the Court grants Twelve South's motion to dismiss BelAir's claim for pre-expiration damages for infringement of the '676 Patent; however, the Court dismisses this claim without prejudice.

To summarize, § 287(a) requires that if a patentee makes or sells a patented article, then for it or its licensees to recover damages for patent infringement, the patentee must mark the article in accordance with the statute *or*, failing that, it must give actual notice to a direct infringer of the infringement. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) (emphasis added).

The Court of Appeals for the Federal Circuit has stated that "[t]he patentee bears the burden of pleading . . . [that] he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). This Court will follow the Federal Circuit's lead and hold that a Rule 12(b)(6) motion is an appropriate mechanism to seek dismissal of a request for past damages based on a patentee's failure to plead compliance with the marking statute. *See* Wright & Miller, 17 Fed. Prac. & Proc. Juris. § 4104 (3d ed.) ("The district courts look to Federal Circuit law in evaluating substantive issues unique to patent law, since those issues fall within the exclusive jurisdiction of the Federal Circuit."). Indeed, based on the Court's review, many

---

[3] BelAir states in its response that "[w]hile not explicitly stated in the Complaint, [it] does not contend that it is entitled to damages after expiration of the Asserted Patents . . . ." (ECF No. 13 at 13.) Rather, it states that it "can seek damages for all infringement that occurred *on or after* December 8, 2016 (six years prior to the filing of the Complaint) and *before* expiration of the Asserted Patents." *Id.* (emphasis in original) (relying on *Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286.")).

9

federal courts have recently interpreted Federal Circuit case law to require that a patentee plead compliance with § 287. *See, e.g., DivX, LLC v. Hulu, LLC*, No. LACV 21-1615, 2021 WL 4459368, at *3-6 (C.D. Cal. June 11, 2021) (holding that "a patentee must plead compliance with 35 U.S.C. § 287(a) to properly plead pre-suit patent infringement damages" and rejecting argument that "the scope of pre-suit damages is not a claim; it is merely part of an available remedy" and noting that the Federal Circuit has approved addressing § 287(a) deficiencies in a motion to dismiss); *Sunless, Inc. v. Selby Holdings, LLC*, No. 20-cv-00930, 2021 WL 3513871, at **4-5 (M.D. Tenn. Aug. 10, 2021) (finding patentee "failed to plead facts establishing that it complied with the patent marking statute"); *Express Mobile, Inc. v. DreamHost LLC*, Nos. 18-cv-01173, 18-cv-01775, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) ("A claim for past damages requires pleading compliance with the marking statute."). Therefore, while "[c]ompliance with section 287(a) is a question of fact," *Arctic Cat*, 876 F.3d at 1366, whether BelAir has sufficiently pleaded compliance with § 287 is appropriate to address on a Rule 12(b)(6) motion.

### A. Constructive Notice Through Marking

In support of its argument that BelAir has failed to adequately allege constructive notice through marking, Twelve South cites to one case, *CAO Lighting, Inc. v. General Electric Co.*, No. 20-681-GBW, 2023 WL 387585, at *3 (Del. Dist. Ct. Jan. 25, 2023), and it provides a parenthetical quote from a holding the court made at the motion to dismiss stage and repeated in its Memorandum Order on the parties' respective motions for summary judgment. (ECF No. 14 at 11.) However, the Memorandum Order does not shed light on the court's reasoning in support of its prior holding that "there has not been any constructive notice adequately pleaded." *CAO Lighting*, 2023 WL 387585 at *3. Moreover,

10

the court declined to "reach for purposes of summary judgment whether [plaintiff] has satisfied 35 U.S.C. § 287 by marking." *Id.* at *4. Consequently, the Court fails to see how this case supports Twelve South's claim that BelAir's compliance allegation is insufficiently pleaded.

Twelve South also points to the following language it extracted from BelAir's response: "obviously – BelAir could not fail to mark patents that it does not practice." (ECF No. 14 at 11 (quoting ECF No. 13 at 18).) Twelve South contends that this statement "is a binding judicial admission establishing Plaintiff did not mark any products embodying the '676 Patent." (ECF No. 14 at 11.) Thus, according to Twelve South, BelAir must "travel under Section 287's actual notice requirement." (*Id.* at 12.) Like the arguments raised in its motion to dismiss, the Court finds Twelve South has excerpted language to support a meaning helpful to its case without regard for the bigger picture. The bigger picture is as follows: After stating that the complaint specifically alleges compliance with the marking statute and that Twelve South has not made any allegations that it has failed to comply, BelAir says: "In fact, Defendant argues the opposite, contending that BelAir is a "patent troll" or "non-practicing entity" – obviously, BelAir could not fail to mark patents that it does not practice." (ECF No. 13 at 18.) The Court finds that, when read in full and in context, it is evident BelAir was not making an admission as to its conduct but rather was likely poking fun at Twelve South's characterization of BelAir. The Court notes that such a finding is further supported by a later statement made by BelAir in its response: "Defendant then asserts its unfounded contention that BelAir does not practice, has not practiced, and has no intention to practice the Asserted Patents." (ECF No. 13 at 14.)

11

Upon its own review of the jurisprudence on this issue, the Court located three instructive cases, summarized as follows:

- In *Blackbird*, the court found the first amended complaint did not adequately allege compliance with the marking requirements where the only relevant allegation was "a single sentence asserting that '[a]ll marking requirements under 35 U.S.C. § 287 have been complied with.'" *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022). The court pointed out that "FAC does not explain, for example, whether that compliance has occurred because the '933 Patent was never practiced, because patented articles were actually marked when entered into commerce, or because it gave Argent pre-suit notice." *Id.* Accordingly, without such allegations, the court found plaintiff's assertion of compliance conclusory and insufficient to state a claim for pre-litigation damages. *Id.*

- In *Apple*, the defendant sought dismissal of the claim to past damages where plaintiff's "complete marking compliance allegation was 'CPC has complied with 35 U.S.C. § 287 with respect to' the asserted patents." *CPC Pat. Techs. Pty Ltd. v. Apple Inc.,* No. 6:21-CV-00165-ADA, 2022 WL 118955, at *4 (W.D. Tex. Jan. 12, 2022). The court, however, did not address whether such a statement alone is sufficient because the complaint also contained sufficient allegations of actual notice, thereby entitling plaintiff to past damages. *Id.* (denying the motion to dismiss after noting that "[t]he Complaint alleges that Plaintiffs provided Defendant specific notice of the patents in this lawsuit months before filing this lawsuit," thereby entitling plaintiff to past damages).

- In *Bench Walk*, the plaintiff pleaded that "[it] has complied with the notice requirement of 35 U.S.C. § 287 and does not currently distribute, sell, offer for sale, or make products embodying the [a]sserted [p]atents." *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 493-94 (D. Del. 2021). The court found that this was "a sufficient statement about plaintiff's own past and present compliance with the statute" and, therefore, denied defendants' motion to dismiss on this ground. *Id.* at 494.

Here, like in *Blackbird,* the complaint contains only the following statement on marking: "To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287." (ECF No. 1 ¶ 40.) Although, unlike in *Blackbird*, there is no assertion of "marking" compliance in the complaint but rather just a general assertion of compliance with "the provisions" of the statute. (*Id.*) Further, after close review, the Court finds no **factual** allegations to plausibly support that the Patents-in-Suit were marked or to

12

plausibly suggest that the marking requirements do not apply. (*See generally* ECF No. 1.) Consequently, the Court finds that BelAir's assertion of compliance "to the extent required by law" is a conclusory (and unclear) statement and, thus, is insufficient in and of itself to state a claim for past damages. However, such a finding does not yet end the inquiry.

### B. Actual Notice

BelAir may still recover pre-litigation damages if Twelve South received actual notice of its infringement before the action was filed. (*See* 35 U.S.C. § 287(a).) The complaint contains the following allegation with regard to notice: "Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least as early as the filing of this complaint." (ECF No. 1 ¶ 41.) Twelve South contends that this statement is insufficient and that BelAir has failed to carry its burden of plausibly alleging actual notice in the complaint. The Court agrees.

It is well established that the § 287(a) inquiry focuses on the actions of the patentee rather than the knowledge of the infringer. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "Actual notice of the infringement . . . requires affirmative communication of a specific charge of infringement by a specific accused product or device." *PLC Trenching Co., LLC v. IM Servs. Grp., LLC*, No. 1:20-CV-00602-CWD, 2021 WL 3234590, at *10 (D. Idaho July 29, 2021). In *PLC Trenching*, the plaintiff argued that the following allegation in its complaint satisfied § 287(a)'s notice requirement: "Notwithstanding its knowing infringement prior to the time this action was commenced, the filing of this action constitutes notice of infringement to IMSG as provided by 35 U.S.C. [Section] 287(a)." *Id.* at *10. The court rejected this argument,

13

holding that "[t]he generalized allegation that [defendant] knew of the patents or the alleged infringement prior to the commencement of this litigation does not satisfy Section 287(a)'s notice requirement for purposes of recovering pre-suit damages. *Id*. In so holding, the Court noted that "[t]he Section 287(a) inquiry focuses on the actions of the patentee rather than the knowledge of the infringer." *Id.* (relying on *Amsted*, 24 F.3d at 187).

Given the Federal Circuit's guidance in *Amsted*, the Court finds that BelAir's statement that Twelve South knew of the '676 Patent and the alleged infringement "at least as early as the filing of this complaint" fails to satisfy § 287(a)'s notice requirement. These allegations shed no light on the actions of BelAir. Moreover, after close review, the Court finds no additional allegations in the complaint pertaining to **BelAir's** actions to provide notice of infringement.[4] For example, unlike the plaintiff in *Bench Walk*, BelAir does not allege that it has complied with the notice requirement, and, unlike the plaintiff in *Apple*, BelAir does not allege that it provided specific notice of the patents months before the filing of the lawsuit. Consequently, the Court holds that BelAir has failed to state a claim for past damages because it does not plausibly allege actual notice in the complaint.

In summary, based on the above, the Court grants Twelve South's motion to dismiss with respect to BelAir's claim for pre-expiration damages for infringement of the '676 Patent. However, the Court dismisses this claim without prejudice in the event BelAir

---

[4] In light of BelAir's comment about actual notice being the subject of discovery (*see* ECF No. 13 at 16 n.3), the Court notes that discovery regarding when Twelve South itself learned of the Patents-in-Suit is irrelevant to the Court's present inquiry. *See Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *4 (N.D. Ill. Jan. 18, 2022) (dismissing such a discovery argument and stating that "the infringer's knowledge of the patent is irrelevant to whether the patentee provided actual notice under § 287(a) and thus, any such discovery has no relevance to [plaintiff]'s claim for damages under § 287(a)").

seeks the opportunity to amend. *See Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *4 (N.D. Ill. Jan. 18, 2022) (dismissing without prejudice plaintiff's claim for past damages under § 287(a)). Furthermore, while not specifically raised by Twelve South, the Court also dismisses without prejudice BelAir's claim for past damages for infringement of the '195 Patent, as the allegations of compliance with § 287(a) are identical;[5] thus, the above reasoning applies with equal force to the '195 Patent.

## CONCLUSION

Based on the foregoing, the Court **denies in part and grants in part** Twelve South's motion to dismiss (ECF No. 11). Specifically, the Court denies Twelve South's request to dismiss BelAir's complaint in its entirety and declines to dismiss BelAir's claim for infringement of the '676 Patent for the reasons set forth in its motion to dismiss. However, the Court grants Twelve South's motion with respect to BelAir's claim for past damages for infringement of the '676 Patent and the '195 Patent, but the Court does so without prejudice.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 29, 2023
Charleston, South Carolina

---

[5] *See* ECF No. 1 ¶¶ 24-25.