UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BELAIR ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-04443-BHH |
| | ) | |
| TWELVE SOUTH, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## RESPONSE IN OPPOSITION MOTION FOR LEAVE TO AMEND

Defendant/Counterclaim Plaintiff Twelve South, LLC ("Twelve South") hereby files this Response in Opposition to Plaintiff/Counterclaim Defendant BelAir Electronics, Inc.'s ("BelAir" or "Plaintiff") Motion for Leave to File a First Amended Complaint for Patent Infringement and Memorandum in Support thereof [Doc. 21] ("Motion for Leave").

**I.      INTRODUCTION**

Plaintiff's Motion for Leave seeks to reinstate its pre-suit damages claims.[1] The problem for Plaintiff, however, is that its proposed amendment *still* fails to affirmatively allege any of its multiple licensees practicing either U.S. Patent No. 10,097,676 (the "'676 Patent") or 7,941,195 (the "'195 Patent") marked their embodying products in accordance with law – and such an affirmative allegation is required. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020); [Doc. 15] at 12 (citing *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022); *CPC Pat. Techs.*

---

[1] Patent damages begin accruing on the earlier of constructive notice via compliance with marking statute or actual notice to the alleged infringer. *Artic Cat*, 950 F.3d at 864. Because the Court found Plaintiff had not alleged it provided any notice of potential infringement prior to the filing of this suit, [Doc. 15] at 13-15, Defendant refers to all damages prior to this actual notice as "pre-suit damages."

*Pty Ltd. v. Apple Inc.,* No. 6:21-CV-00165-ADA, 2022 WL 118955, at *4 (W.D. Tex. Jan. 12, 2022)).

Instead, Plaintiff seeks leave to add *negative* allegations regarding its lack of knowledge of its licensees marking. *See* [Doc. 21-2] at ¶¶ 24 & 40. These boilerplate allegations – while legally insufficient to salvage Plaintiff's pre-suit damages claims – are untimely and prejudicial, as they were within Plaintiff's knowledge at the time it filed suit and could have been included (even though they would not have changed the outcome of Defendant's Motion to Dismiss).

Plaintiff seeks leave to amend solely for the purpose of alleging:

> **At no time has BelAir practiced any of the claims of the [] Patent[s-in-Suit].** Further, **in instances wherein BelAir has granted rights to third parties** prior to the expiration of the [] Patent[s], **<u>BelAir is not aware</u>** of any such third party failing to comply with its respective marking obligation prior to expiration [sic] [.]"

[Doc. 21-2] at ¶¶ 24 & 40 (emphasis added). These allegations doom Plaintiff's Motion because they conclusively establish Plaintiff cannot affirmatively allege marking compliance at all. This is unsurprising. Plaintiff is a non-practicing entity that acquired the Patents-in-Suit from someone else. *Id.*; [Doc. 1] at ¶ 3. Thus, Plaintiff did not do the marking itself. [Doc. 21-2] at ¶¶ 24 & 40.

Most importantly, however, the Federal Circuit has made clear "[a] patentee's licensees must also comply with § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020); *see also id.* at 865 (patentee's "obligation to mark arose when its licensee began selling patented articles"). Plaintiff's double-negative allegation it "is not aware" of its licensees "failing to comply" with the marking statute fares no better than the boilerplate allegations this Court already rejected. *Cf.* [Doc. 15] at 13-15. When read in combination with the pleadings standard cases cited in this Court's Order on Defendant's Motion to Dismiss, *Arctic Cat* makes clear that pre-suit damages are precluded where, as here, Plaintiff cannot plausibly allege

its licensees marked. *See id.*; *Arctic Cat*, 950 F.3d at 864. Thus, the proposed amendment pertaining to Plaintiff's lack of knowledge is futile. The Court should deny Plaintiff's Motion.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. <u>Legal Standard</u>.

"[L]eave to amend a pleading should be denied [] when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards . . . that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal citations omitted); *see also Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("Because [the] proposed amended complaint does not properly state a claim under Rule 12(b)(6) . . . we find the district court correctly determined that further amendment would be futile."); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding the district court justified in denying the motion to amend complaint "because the proposed amendments could not withstand a motion to dismiss.").

### B. <u>The Proposed Amendment is Futile</u>. !

Plaintiff's proposed amendment is futile because it fails to allege Plaintiff's licensees, which are practicing entities subject to the marking statute, marked any embodying products in compliance with 35 U.S.C. § 287(a). Although Plaintiff attempts to skirt the marking statute by arguing it is a non-practicing entity, Plaintiff's "obligation to mark arose when its licensee began selling patented articles[.]" *Arctic Cat*, 950 F.3d at 864.

As Defendant explained in its successful Motion to Dismiss, to state a claim for pre-suit damages, the patentee must plausibly allege it either: (1) placed the public on constructive notice

of its patent rights by marking its embodying products with the patent number; or (2) if Plaintiff failed to mark, that Plaintiff provided Defendant with actual notice of infringement, and Defendant continued to infringe thereafter. 35 U.S.C. § 287(a). This Court has already correctly determined Plaintiff's threadbare "assertion of compliance" with the marking statute, 35 U.S.C. § 287(a) "'to the extent required by law' is a conclusory (and unclear) statement and, thus, is insufficient in and of itself to state a claim for past damages." [Doc. 15] at 13-15. The proposed amendment fares no better with respect to the required allegations concerning Plaintiff's licensees.

The Federal Circuit made clear in *Arctic Cat* that where a patentee has licensees, as Plaintiff concedes it does, [Doc. 21-2] at ¶¶ 24 & 40, those licensees *must* mark the embodying products to authorize pre-suit damages. *Arctic Cat*, 950 F.3d at 864. However, Plaintiff fails to affirmatively allege its licensees marked as required. *See id.*; [Doc. 21-2] at ¶¶ 24 & 40; [Doc. 15] at 12 (citing *Blackbird*, 2022 WL 3701084, at *2; *CPC Pat. Techs.*, 2022 WL 118955, at *4). Instead, Plaintiff only alleges it is "not aware" of any licenses "failing to comply with its respective marking obligation[s.]" [Doc. 21-2] at ¶¶ 24 & 40. This double-negative allegation falls far short of the plausible, positive factual allegation required to state a claim. [Doc. 15] at 12; *Dantzler v. Cable*, No. CV 3:15-5100-JMC-PJG, 2016 WL 4523166, at *1 (D.S.C. Aug. 12, 2016) (denying motion for leave to amend where it failed to plausibly state a claim under Rule 12(b)(6)), *report and recommendation adopted sub nom. Dantzler v. Time Warner Cable*, No. 3:15-CV-05100-JMC, 2016 WL 4613383 (D.S.C. Sept. 6, 2016). Therefore, the proposed amendment is futile.

C. **The Proposed Amendment is the Product of Undue Delay, Bad Faith, and Dilatory Motive; It is Prejudicial to Defendant.**

"In exercising its discretion to amend, a court should focus on factors like undue delay, bad faith, or dilatory motive on the part of the movant," as well as prejudice to Defendant. *Berkeley-*

*Dorchester Ctys. Econ. Dev. Corp. v. U.S. Dep't of Health & Hum. Servs.*, 395 F. Supp. 2d 317, 324 (D.S.C. 2005); *Johnson*, 785 F.2d at 509 (citing *Foman*, 371 U.S. at 182).

Here, the proposed amendment is the product of undue delay, bad faith, and dilatory motive <u>and</u> would prejudice Defendant. Since Plaintiff's proposed new allegations focus on its status as a non-practicing entity and its lack of knowledge of its licensees' marking, [Doc. 21-2] at ¶¶ 24 & 40, nothing precluded Plaintiff from including these allegations in its original Complaint. There is no proper reason for asserting them now. Moreover, although the proposed amendment is futile for the reasons outlined above, the amendment would be prejudicial to Defendant if allowed.

This Court has already dismissed Plaintiff's pre-suit damages claims. [Doc. 15] at 13-15. Both the scope of discovery and potential recovery were drastically decreased as a result. The Court's ruling also effectively ended the case as to the '676 Patent, which had expired before suit was filed.[2] Consequently, no relief can be accorded for infringement of this expired patent. *Merck & Co., Inc. v. MediPlan Health Consulting, Inc.*, 434 F. Supp. 2d 257 (S.D.N.Y. 2006); *Van Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 873 (N.D. Ill. 2010); *also Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1324 (Fed. Cir. 2001).

Allowing Plaintiff to reverse this progress and revive these claims for pre-suit (and pre-expiration) damages based on nothing more than legally insufficient marking allegations will

---

[2] The '676 Patent is a continuation application of the priority patent issued on June 26, 2001. Because of delays in the patent prosecution process, the U.S. Patent and Trademark Office ("USPTO") granted an additional 119 days to the expiration date of this patent. Therefore, the '676 Patent expired on October 23, 2021 (20 years after patent application date of priority patent on June 26, 2001, under 35 U.S.C. § 154(a)(2), plus 119 days granted by USPTO). *See* [Doc. 1-2] at 2. Here, the Court determined Defendant was only put on notice of the '676 Patent by the filing of the Complaint on December 8, 2022 – over one year after the '676 Patent expired. [Doc. 15] at 13-14 (citing [Doc. 1] at ¶41). Therefore, no damages are allowed.

prejudice Defendant by re-exposing it to liability, needlessly enlarging the scope of this suit, and drastically increasing the cost of discovery by putting the expired '676 Patent back into play.

For all of these reasons, the Court should also deny Plaintiff's Motion as being the product of undue delay, dilatory motive, bad faith, and as being prejudicial.

## III. CONCLUSION

This Court should see Plaintiff's Motion for Leave for what it is: A half-hearted attempt to resuscitate claims which would otherwise spell the end for its campaign to extract licenses on aged and expired patents directed to early 2000's flip-phones. Plaintiff's proposed amendment does not cure the fatal deficiencies in its pre-suit damages claims. Therefore, the amendment is futile and must be denied. The Court should deny Plaintiff's Motion.

Dated: October 27, 2023

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**

*s/ Alexandra Breazeale*
Alexandra Breazeale (Fed. ID #13378)
40 Calhoun Street, Suite 200B
Charleston, South Carolina 29401
Telephone: (854) 214-5916
abreazeale@bakerdonelson.com

L. Clint Crosby*
Georgia Bar No. 197877
Tyler P. Bishop*
Georgia Bar No. 566705
3414 Peachtree Road, NE, Ste 1500
Atlanta, Georgia 30026
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
ccrosby@bakerdonelson.com
tbishop@bakerdonelson.com
*Pro hac vice forthcoming*

*Counsel for the Defendant Twelve South LLC*